## COMMISSIONER OF INTERNAL REVENUE v. SKLAR OIL CORPORATION.

### No. 10416.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1943.

---

L. W. Post, Sewall Key, Louise Foster, and Helen R. Carloss, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Robert A. Littleton, of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The controversy over a claimed deficiency in income tax for 1934 is in small compass. It arises out of the commissioner's determination that in 1933, the first year of petitioner's operations, it elected to capitalize rather than to expense intangible drilling costs and that having done so, it may not expense them in 1934. The Board finding that petitioner did elect to expense these costs in 1933, sustained its claim of no deficiency in 1934. The Board found that petitioner began in 1933 to drill wells on two leases, one known as the Christian, the other as the Victory Lease, in which latter it owned only a one-half interest, and the drilling was conducted by another as trustee for the owners. Petitioner did not receive any record of the expenditures made on the Victory lease in 1933 until February, 1934, and treating them, then, as a 1934 transaction, it charged the intangible drilling costs to expense. On the Christian lease, the accounts of which it kept, it had three accounts. One was to record the cost of the lease, another was to record the costs of developing it, and the third was to record the cost of operating it. The intangible drilling costs incurred on this lease in 1933 amounted to $2,600.00, of which $1,100.00 was recorded in account 3, and the balance in account 2. The office manager was in complete charge of the books, but on account of illness in the latter part of 1933 and the first part of 1934, he was able to be at the office only occasionally and for short periods. He did, however, prepare a journal voucher in closing the business for 1933, directing that all the intangible costs in account 2 be separated and charged to expense. The bookkeeper failed to follow this order, thus made a part of the bookkeeping record, and charged all of account 2 to capital costs with the result that only those intangible drilling costs appearing in account 3 were charged to expense. The commissioner, in determining the deficiency for 1934, disallowed the deduction, for development costs, as an expense, on the ground that the petitioner in 1933 had elected to capitalize these costs. The Board finding: that it was the intention of petitioner to elect to expense all of them; that its failure to do so in its 1933 return as to the Christian lease was due to the manager's illness; that it did charge a sufficient portion of these costs to expense to evidence and constitute the election; and that as to the Victory lease, it did not have any figures until 1933, and, therefore, did not make any return as to it until 1934, but that it then expensed them, found for petitioner. The regulation upon which the commissioner relies in effect provides; that a taxpayer, who before 1932 has not made an election as to optional drilling and operating costs, must make it in general in the first taxable year in which he makes the expenditure; that the election so made is binding for all subsequent years; that he is considered to have made an election in accordance with the manner in which the optional items are treated in his return; and that he must attach to his return for the year 1932 and thereafter a clear statement of his election and as of the time at which and the manner in which it was made. Notwithstanding the detail into which the regulation goes, it has been held that no formal claim is required, but that whether the election has been made is determined by the actual treatment of the expenditures in the taxpayer's return. Boone County Coal Corp. v. United States, 4 Cir., 121 F.2d 988. The board did not, as the commissioner seems to think it did, find that petitioner's intention to make the election and the illness of its officer mana-

ger excused it from actually making the election. On the contrary, it found that the fact that the taxpayer in its 1933 return actually expensed a part of these optional costs as to the Christian lease, not only evidenced, but gave effect to, its intention so to do. As to the Victory lease, it found that the taxpayer in its first return of those expenditures, though erroneously made in 1934, instead of 1933, had actually expensed them all.' Taking these undisputed evidences of intention to expense all of these optional items, in connection with the undisputed fact that the taxpayer did actually expense some of them in its 1933 return, the board concluded that the regulation was sufficiently complied with. We agree with the board. Its order is

Affirmed.